

**SO ORDERED.**

**SIGNED this 02 day of June, 2011.**

_____
Dale L. Somers
UNITED STATES BANKRUPTCY JUDGE

_____

Designated for on-line use but not for print publication

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: <br><br> NANCY A. STUEWE, <br><br>           DEBTOR. | CASE NO. 09-11231 <br> CHAPTER 7 |
| EDWARD J. NAZAR, Chapter 7 Trustee, <br><br>           PLAINTIFF, <br><br> v. <br><br> NANCY A. STUEWE and WOMACK HOMES, LLC, <br><br>           DEFENDANTS. | ADV. NO. 09-05274 |

MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT WOMACK HOMES, LLC'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AND
DENYING TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This adversary proceeding was commenced by the Chapter 7 Trustee to avoid an allegedly unperfected lien in the mobile home occupied by Debtor, which she acquired from defendant Womack. The matters under advisement are the cross motions for partial summary judgment filed by the Plaintiff, Edward J. Nazar, Chapter 7 Trustee of the estate of Debtor Nancy A. Stuewe (hereafter "Trustee"), and Defendant Womack Homes, LLC (hereafter "Womack"). The Trustee appears by Nicholas R. Grillot, of Redmond & Nazar, L.L.P. Womack appears by W. Rick Griffin, of Martin, Pringle, Oliver, Wallace & Bauer. There are no other appearances. The Court has jurisdiction.[1]

**BACKGROUND.**

In December, 2008, Debtor entered into an Option to Purchase Agreement and a Residential Lease/Rental Agreement with Womack with respect to a 1995 Champion mobile home located on a lot owned by Womack. The agreements included terms under which the Debtor could acquire ownership of the mobile home during the term of the lease or at the end of the eight year lease term. Womack is shown as the owner of the mobile home on the certificate of title. There are no lienholders on the title.

---

[1] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). There is no objection to venue or jurisdiction over the parties.

Debtor filed for relief under Chapter 7 on April 27, 2009.  This adversary proceeding was filed on November 9, 2009.  The Trustee is contending that the transaction between Debtor and Womack was a disguised seller-financed sale and Womack's interest in the home can be avoided pursuant to 11 U.S.C. § 544 because Womack is not shown on the certificate of title as a lienholder.  The parties have identified two issues: (1) The ability of the Trustee to re-characterize Womak's interest as a financing agreement rather than a lease; and (2) if the transaction is a secured sale, whether or not Womack can use the substantial compliance doctrine to defeat the Trustee's contention that Womack's interest in the home is unperfected.[2]

To facilitate resolution of the case, the parties and the Court agreed that the second issue would be submitted by motions for partial summary judgment based upon stipulated facts, including the assumption, made for purposes of summary judgment only, that the transaction was a disguised secured sale.  The issue before the Court is therefore whether the doctrine of substantial compliance, applied by the Tenth Circuit Court of Appeals to perfection of a lien interest in a motor vehicle,[3] applies in this case where the issue is perfection of Womack's interest in a mobile home.

---

[2] Dkt. no. 16, p. 2.

[3] *Morris v. The CIT Group/Equipment Financing, Inc. (In re Charles)*, 323 F.3d 841 (10th Cir. 2003).

3

**STIPULATED FACTS.**

The parties stipulated to the following facts for the purpose of summary judgment:[4]

1. The Debtor filed a petition for relief under Chapter 7 on April 27, 2009.[5]

2. At the time the Debtor filed bankruptcy, she occupied the property located at 2320 East MacArthur, Lot T-18, Wichita, Kansas 67216 (" the Property").

3. This property consists of real property and a Champion mobile home.

4. The Debtor entered into an option to purchase agreement and residential lease/rental agreement relative to the Property with the Defendant, Womack Homes, LLC, ("Womack") on December 2, 2008.

5. A true and correct copy of the option to purchase agreement is attached to this Stipulation of Facts as Exhibit 1.  A true and correct copy of the residential lease/rental agreement is attached to this Stipulation of Facts as Exhibit 2.

6. The residential lease/rental agreement requires a payment of $582.00 per month for a term of 8 years.

7. The Option to Purchase Agreement provides for the Debtor's ability to purchase the Champion mobile home under a formula dependant upon the life of the lease, or following expiration of the lease term for $1,000.00.

---

[4] Dkt. 20, pp. 1-2.

[5] The stipulation erroneously states the date as August 27, 2009.

8. Attached as Exhibit 3 is a true and correct copy of current certificate of title of the mobile home.[6]

9. The certificate of title indicates that Womack is the owner of the mobile home.[7]

10. No other documents of perfection, including a notice of security interest or a mortgage, were filed by Womack.

In addition, the Trustee's brief in support of his cross motions for summary judgment recites that the parties have stipulated, for purposes of summary judgment only, that the Debtor's transaction with Womack "is a disguised financing agreement."[8] Womack in its brief, states, "For purposes of determining the substantial compliance issue, Womack assumes, without conceding, that it has a security interest in the Property."[9] Therefore, for purposes of the following analysis, the Court assumes the transaction between Debtor and Womack was a secured sale of the mobile home, rather than a lease.

---

[6] The stipulation signed by both parties states in paragraph 8, "Attached as Exhibit 3 is a true and correct copy of current deed to the property." Dkt. no. 20. However, exhibit 3 is a copy of the certificate of title for the mobile home. Womack's statement of facts included in its memorandum in support of its motion for partial summary judgment states as paragraph 8, "Attached as Exhibit 3 is a true and correct copy of the current certificate of title to the property." Dkt. no. 27. The Trustee does not object to Womack's statement of facts.

[7] The stipulation signed by both parties states in paragraph 9, "The deed to the property indicates that Womack is the owner of the Property." Dkt. no. 20. Womack's statement of facts included in its memorandum in support of its motion for partial summary judgment states as paragraph 9, "The certificate of title indicates that Womack is the owner of the property." Dkt. no. 27. The Trustee does not object to Womack's statement of facts.

[8] Dkt. no. 25, p. 2.

[9] Dkt. no. 27, n. 1.

5

**ANALYSIS.**

Under the assumption that the December 2008 transaction between Debtor and Womack was a secured sale of the mobile home, Debtor became the title owner of the home and the interest of Womack changed from that of owner to lienholder. Section 544(a)[10] of the Code gives the Chapter 7 Trustee power to avoid unperfected liens in Debtor's property, and § 551 preserves the avoided lien for the benefit of the estate. "The determination of whether a creditor's security interest is unperfected and therefore avoidable under § 544(a), is controlled by state law."[11] Hence, the Trustee may avoid Womack's interest if its lien is unperfected under Kansas law.

Kansas has adopted Article 9 of the Uniform Commercial Code governing the perfection of security interests in personal property. In general, perfection is accomplished through the filing of a financing statement. However, the filing of a financing statement is not necessary or effective to perfect a security interest in property subject to Kansas certificate-of-title statutes covering automobiles, trailers, mobile homes or the like, which provide for a security interest to be indicated on the certificate of title.[12] The Kansas Manufactured Housing Act (hereafter "KMHA")[13] is the certificate-of-title law applicable to the mobile home Debtor acquired from Womack. Under the KMHA, a

---

[10] 11 U.S.C. § 544 (a) (citations in the text to Title 11 will be by section only).

[11] *In re Charles*, 323 F. 3d at 842-43.

[12] K.S.A. 2010 Supp. 84-9-311(a)(2).

[13] K.S.A. 58-4201, et. seq.

6

security interest is perfected by notation on the certificate of title.[14]  A purchase money security interest may be perfected before a certificate of title is issued noting the lien by the submission of a Notice of Security Interest (NOSI), plus a fee, to the Department of Revenue within 30 days of the sale.[15]  Womack agrees that it did not submit a NOSI within 30 days of the transaction and that its interest is not noted in the lien section of the certificate of title.  The Trustee therefore contends that Womack's interest is unperfected.

Womack responds that Womack's being shown as owner of the mobile home certificate of title is sufficient to perfect its interest when the transaction is deemed a secured sale.  The legal basis for this position is the substantial compliance doctrine of Article 9 applied by the Tenth Circuit Court of Appeals in *Charles*[16] to the issue of perfection of liens in motor vehicles titled in Kansas.  In *Charles*, debtor Charles entered into a master lease agreement with CIT that purported to give Charles leasehold interests in four trucks.  CIT was named as the owner of the trucks on the certificates of title.  After Charles filed for relief under Chapter 7, the trustee sought to avoid CIT's interest under §544(a), claiming that the lease was a disguised security agreement and CIT's interest in the trucks was not perfected because CIT was not named as a lienholder on the titles.  The bankruptcy court held that even if the transaction was a secured sale, the trustee could not avoid CIT's security interest because CIT substantially complied with

---

[14] K.S.A. 58-4204(d).

[15] K.S.A. 58-4204(g).

[16] *In re Charles*, 323 F.3d at 841.

7

the perfection requirements for motor vehicles under Kansas law. The Tenth Circuit affirmed. It noted that the "majority approach across the states is that substantial compliance is the standard for perfection of security interests under state certificate of title statutes."[17] The test for perfection under the substantial compliance standard applied by the bankruptcy court and approved by the appellate court is "whether the creditor gave adequate notice of its interest to other potential secured creditors."[18] In support, the *Charles* opinion quoted from Barkley Clark's treatise on Article 9 in which he stated, "When a motor vehicle lease is a disguised Article 9 financing, showing the name of the lessor as owner rather than lienholder on the certificate of title should be sufficient because no third party could be mislead."[19] CIT was found to have satisfied this test because a search of the Kansas certificates of title for the trucks would have given notice that CIT was claiming an interest.

*Charles* was decided in 2003. Nothing has occurred to cause this Court to question its continued validity. In support of its ruling the *Charles* court observed that the bankruptcy court's substantial compliance standard was consistent with § 9-402(8)(1995) of the Kansas UCC which provided that a "financing statement substantially complying with the requirements of this section is effective [to perfect a security interest] even

---

[17] *Id*. at 843.

[18] *Id.* at 844.

[19] *Id.* at 843, quoting 1 Barkley Clark, *The Law of Secured Transactions Under the Uniform Commercial Code*, ¶ 12.03[1] at 12-14 (1993).

8

though it contains minor errors which are not seriously misleading."[20] Although Article 9 has been revised, the UCC as revised continues to support the substantial compliance doctrine. Revised Article 9 now provides in § 9-506(a) that a "financing statement substantially satisfying the requirements of this part is effective, even if it has minor errors or omissions, unless the errors or omissions make the financing statement seriously misleading." The official UCC comment to § 9-506 notes that "[l]ike former Section 9-402(8), subsection (a) is in line with the policy of this Article to simplify formal requisites and filing requirements."[21] The Kansas legislature, although enacting legislation to override court decisions regarding the ineffectiveness of NOSI's not properly handled by state authorities,[22] has not sought to overrule *Charles*. The continued vitality of the substantial compliance doctrine in disguised sale transactions of titled vehicles is illustrated by a 2009 Illinois bankruptcy court decision which predicted that the Illinois courts would hold that "a lessor shown as owner on a certificate of title, whose lease is determined to be a disguised sale and security agreement, is nevertheless perfected under motor vehicle statutes."[23]

---

[20] *Id.* at 844, quoting K.S.A. 84-9-402(8)(1995).

[21] U.C.C. § 9-506, Official Comment (1998).

[22] 1 Barkley Clark and Barbara Clark, *The Law of Secured Transactions under the Uniform Commercial Code,* ¶ 15.02 (2009) (noting that K.S.A. 84-9-311(a)(2) was amended in 2007 to require that a creditor need only deliver a NOSI to the appropriate state agency and pay the filing fee to perfect its purchase money security interest in a vehicle or mobile home to override the strict compliance rulings of such cases as *Morris v. Boeing Wichita Credit Union (In re Hicks),* 491 F.3d 1136 (10th Cir. 2007)).

[23] *Barber v. Reynolds Motor Leasing Co. (In re My Type, Inc.)*, 407 B.R. 329, 333 (Bankr. C. D. Ill. 2009).

9

Womack argues that the *Charles* substantial compliance test applies here because of the similarity of the lien perfection procedures of the KMHA and of the Kansas registration of vehicles statute (hereafter "KRVS").[24] It further argues that it has satisfied that test because any third party examining the home's certificate of title would be informed that Womack has an interest in the home. The Court agrees.

For purposes of the question whether the *Charles* definition of substantial compliance applies in this case, the Court finds no material distinction between the KMHA and the KRVS. One subsection of Article 9 excepts perfection of liens in both mobile homes and titled vehicles from the Article 9 perfection procedures generally applicable to personal property.[25] The provisions of the KMHA regarding perfection of liens are substantially identical to those of the KRVS. Under both statutory schemes, the perfection of a lien is by notation on the certificate of title. Under both statutory schemes, a purchase money security interest can be perfected before issuance of the certificate of title showing the creditor's lien by the submission of a NOSI to the applicable state authorities. Indeed, the similarity of the two schemes has been previously noted by the this Court. For example, in 2008 the Court stated, the KMHA "contains provisions for

---

[24] K.S.A. 8-135.

[25] K.S.A. 2010 Supp. 84-9-311(a)(2).

titling and perfecting security interests in mobile homes and manufactured homes, which are similar to the titling and lien provisions applicable to titled motor vehicles."[26]

The Trustee's attempt to show material distinctions between the two schemes[27] is unavailing. First, he cites a provision of the KMHA which states that "unless otherwise specifically provided in the Kansas manufactured housing act or other duly enacted statute of this state, manufactured homes and mobile homes shall not be subject to the laws, rules and regulations applicable to vehicles."[28] This does nothing more than reflect the legislative intent that there be two distinct, though similar, statutory schemes. Application of the *Charles* substantial compliance test to mobile homes rests upon the similarity of the two schemes, not the application of the KRVS to mobile homes. In addition, the differences between the two schemes identified by the Trustee - that the certificate of title for a mobile or manufactured home may be eliminated, that mobile and manufactured homes are related to real property, and that the time limits for filing a NOSI are different - are not material to the issue before the Court. However, the holding that the *Charles* standard applies to mobile homes should not be read broadly to mean that material differences as to perfection of liens in mobile homes and titled vehicles is obliterated in all circumstances.

---

[26] *Nazar v. Western State Bank (In re Brouillette)*, 389 B.R. 214, 218 (Bankr. D. Kan. 2008); *see also Morris v. Conseco Finance Servicing Corp. (In re Wedman)*, 374 B.R. 819, 827 (Bankr. D. Kan. 2007).

[27] *See* Dkt. 35, pp. 4-5.

[28] K.S.A. 58-4203.

The factual circumstances of this case are not materially different from those in *Charles*.[29] In both cases, the creditor entered into a transaction denoted as a lease, but the transaction was construed as a secured sale. In both cases, consistent with the intent to effectuate a lease, the seller was shown on the certificate of title as the owner of the titled vehicle, and the lien portion of the certificate was blank. In this case, as in *Charles*, a person examining the certificate of title would have notice that the seller-creditor claimed an interest in the titled personal property. Thus, the substantial compliance standard, is satisfied. A search of the Kansas certificate of title records for mobile homes would put potential secured creditors on notice that Womack is claiming an interest in the mobile home.

**CONCLUSION.**

For the foregoing reasons, the Court holds that the substantial compliance standard adopted in *Charles* as to perfection of liens in titled vehicles applies to perfection of liens in mobile homes. To the extent that Womack is a seller of the mobile home to Debtor and Womack is a lienholder rather than owner, Womack's identification as the owner of the home on the certificate of title perfected Womack's lien under Kansas law. Accordingly, Womack's motion for partial summary judgment is granted, and the Trustee's motion for partial summary judgment is denied.

---

[29] The Court rejects as immaterial to perfection the fact that Womack owned the mobile home for several years before the transaction with Debtor whereas in *Charles* the trucks were acquired by the creditor for the purpose of leasing to Charles. In both circumstances, the certificates of title gave notice of the creditors' interest.

12

The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure which makes Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter. A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

###